

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 18  P 3: 44

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CEDRICK WASHINGTON** | **CIVIL ACTION** |
| **VERSUS** | **NO.  05-1824** |
| **WARDEN N. BURL CAIN** | **SECTION "T"(2)** |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.  28 U.S.C. § 2254(e)(2)(B).

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

the instant petition for habeas corpus relief be **DENIED** and the petition **DISMISSED WITH PREJUDICE** as time-barred.

I.   STATE COURT PROCEDURAL BACKGROUND

The petitioner, Cedrick Washington, is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On January 21, 2000, Washington was charged by bill of information in Jefferson Parish with two counts of armed robbery.[3]

The two counts were tried separately.  On May 4, 2000, Washington was found guilty as charged as to the first count of armed robbery of a Subway Sandwich Shop.[4] On August 31, 2000, Washington was found not guilty of the second count, the alleged armed robbery of a Sleep Inn Hotel.[5] The May 4, 2000 conviction forms the basis of the instant federal petition for habeas corpus relief.  The Louisiana Fifth Circuit Court of Appeal summarized the facts proven at Washington's trial on the first count as follows:

> At approximately 7:30 p.m. on November 17, 1999, Sandra Sumlin (Sumlin) was working at the Subway Sandwich Shop (Subway) on Loyola Avenue in Kenner.  Sumlin was cleaning the store and stocking bread when she noticed a man in front of the Players Sports Bar (Players), which is across the parking lot from Subway.  The man was pacing up and down the sidewalk and

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 7, Bill of Information, 1/21/00.

[4]St. Rec. Vol. 1 of 7, Trial Minutes (Count I), 5/3/00 (2 pages); Trial Minutes (Count I), 5/4/00; Jury Verdict (Count I), 5/4/00; St. Rec. Vol. 4 of 7, Jury Trial Transcript, 5/3/00; St. Rec. Vol. 5 of 7, Jury Trial Transcript (cont'd), 5/3/00; Jury Trial Transcript, 5/4/00.

[5]St. Rec. Vol. 2 of 7, Trial Minutes (Count II) (2 pages), 8/30/00; Trial Minutes (Count II), 8/31/00; Jury Verdict (Count II), 8/31/00.

walking in and out of the bar. He then squatted down, looked at the store and then looked around, as if to see if anyone was looking. The man, later identified as the Defendant, entered the store where Sumlin was working and jumped over the counter. Sumlin attempted to walk out of the door. However, the Defendant had a gun and ordered her to get back in the store. He demanded money and told her to put the money in a white plastic bag that he had. The Defendant pointed the gun at her and repeatedly told her to hurry up. Sumlin estimated that she put in the white plastic bag $180, consisting of $10, $5 and $1 bills and coins including quarters, nickels and pennies. The Defendant then put a towel or shirt over his head and ran out of the store. The entire incident lasted approximately ten minutes.

After the Defendant left, Sumlin called the police. Upon their arrival, she described the perpetrator as wearing a white t-shirt, dark denim black jeans and tennis shoes. The police gathered evidence including a videotape from the Subway's surveillance camera and a videotape from the Players' outside surveillance camera. The police reviewed the videotapes and interviewed a person seen on the Players' videotape which led them to consider the Defendant as a suspect. Fingerprints were taken from the scene, but no matches were made.

Later that night, at approximately 9:30 p.m., the police went to the Defendant's home where they found him sitting on the living room floor wearing a yellow t-shirt and blue jogging pants. The Defendant's mother consented to a search of the home, during which the police seized a gym bag with coins and coin paper wrappers similar to the ones used at Subway. The Defendant was not arrested at that time.

The next day, the police showed a photographic lineup to Sumlin, who identified the Defendant as the person who robbed her the previous night. The Defendant was then arrested pursuant to an arrest warrant.

State v. Washington, 788 So.2d 596, 599 (La. App. 5th Cir. 2001); St. Rec. Vol. 2 of 7,

Fifth Circuit Opinion, 00-KA-1312, May, 16, 2001.

Following the conviction, Washington's counsel filed a motion for a new trial

alleging that certain errors at trial were prejudicial to the proceedings.[6] The motion was

heard at the sentencing hearing on May 26, 2000. The trial court denied the motion for

---

[6]St. Rec. Vol. 1 of 7, Motion for New Trial, 5/12/00.

a new trial and sentenced Washington to 75 years in prison without benefit of parole, probation or suspension of sentence.[7]

The State later filed a multiple offender bill on June 2, 2000.[8] The trial court held a hearing on the multiple bill on October 27, 2000, at which time it was taken under advisement.[9] On November 17, 2000, the trial court entered oral and written reasons, finding Washington to be a second felony offender.[10] At the same hearing, the trial court re-sentenced Washington as a multiple offender to serve 75 years in prison without benefit of parole, probation or suspension of sentence.[11]

Washington appealed his conviction to the Louisiana Fifth Circuit Court of Appeal. His counsel raised five grounds for relief in the original and supplemental briefs:[12] (1) The evidence was insufficient to support the conviction because there was no proof of a dangerous weapon. (2) The trial court erred by admitting evidence of the

---

[7]St. Rec. Vol. 1 of 7, Sentencing Minutes, 5/26/00; St. Rec. Vol. 4 of 7, Sentencing Transcript, 5/26/00.

[8]St. Rec. Vol. 2 of 7, Multiple Bill, 6/2/00.

[9]St. Rec. Vol. 2 of 7, Minutes of Multiple Bill Hearing, 10/27/00; St. Rec. Vol. 6 of 7, Multiple Bill Hearing Transcript, 10/27/00.

[10]St. Rec. Vol. 2 of 7, Minutes of Multiple Bill Ruling, 11/17/00; Judgment and Reasons, 11/17/00.

[11]St. Rec. Vol. 2 of 7, Sentencing Minutes, 11/17/00; St. Rec. Vol. 6 of 7, Sentencing Transcript, 11/17/00.

[12]St. Rec. Vol. 4 of 5, Appeal Brief, 00-KA-1312, 8/21/00; St. Rec. Vol. 5 of 7, Supplemental Appeal Brief, 1/18/01.

waiver of rights form, signed by the defendant, which showed that he refused to make a statement to the police. (3) The trial court failed to observe the mandatory 24-hour delay between denial of the motion for a new trial and sentencing. (4) The sentence is unconstitutionally excessive. (5) The State failed to meet its burden of proof at the multiple bill hearing.

In addition to these claims, Washington was allowed to present the following supplemental grounds in support of his appeal in a pro se brief to the court:[13] (1)(a) His arrest was illegal, (b) the identification evidence should have been suppressed, and (c) counsel was ineffective because he failed to object to testimony that defendant refused to make a statement at the time of his arrest. (2) Counsel was ineffective for failure properly to question witnesses regarding the identification process. (3) Counsel was ineffective for failure to subpoena a witness, Michael Cook. (4) The trial court failed to instruct the jury properly on reasonable doubt.

The Louisiana Fifth Circuit affirmed the conviction and sentence on May 16, 2001, finding that all of Washington's claims were without merit.[14]

---

[13]St. Rec. Vol. 5 of 7, Supplemental Appeal Brief (pro se), 11/6/00.

[14]State v. Washington, 788 So.2d at 608; St. Rec. Vol. 2 of 7, 5th Cir. Opinion, 00-KA-1312, 5/16/01.

Washington timely filed a pro se writ application in the Louisiana Supreme Court in which he raised the claims urged by his counsel on direct appeal, as discussed below.[15] The application was denied on May 3, 2002, without reasons.[16]

Washington's conviction became final 90 days later, on August 1, 2002, when he did not file a writ application with the United States Supreme Court. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1).

Shortly thereafter, on October 21, 2002, Washington filed an application for post-conviction relief in the state trial court.[17]  In that application, Washington asserted the following three claims: (1) The admission in evidence of the waiver of rights form signed by petitioner indicating that he refused to waive his rights and make a statement violated his Fifth Amendment privilege against self-incrimination and his Sixth Amendment right to counsel. (2) He was denied effective assistance of counsel when his counsel failed to disclose or introduce favorable evidence that was available to the defendant during trial; specifically, his counsel failed to call an eyewitness, Michael Cook, and failed to

---

[15]St. Rec. Vol. 2 of 7, La. S. Ct. Letter, 2001-KO-1718, 6/12/01; St. Rec. Vol. 7 of 7, La. S. Ct. Writ Application, 01-KO-1718, 6/12/01.

[16]State v. Washington, 815 So.2d 94 (La. 2002); St. Rec. Vol. 7 of 7, La. S. Ct. Order, 2001-KO-1718, 5/3/02.

[17]St. Rec. Vol. 3 of 7, Uniform Application for Post-Conviction Relief, 10/21/02.

introduce the police report to refute the identification testimony of the victim/witness, Sandra Sumlin, and the police detectives. (3) The State knowingly used perjured identification testimony from Ms. Sumlin regarding the identification process to obtain the conviction.

The trial court denied Washington's application for post-conviction relief on November 13, 2002, finding the first two claims to be without merit.[18] The court did not specifically address the third claim regarding the alleged perjured testimony in its order. Nevertheless, the record does not reflect that Washington sought reconsideration of this order or sought further review in the state appellate court.

On February 5, 2003,[19] Washington filed a petition for federal habeas corpus relief in this court, which he later amended, asserting the following four grounds for relief:[20] (1) The evidence was insufficient to support the conviction. (2) The state trial court erred by allowing the State to admit into evidence the waiver of rights form which indicated that petitioner refused to make a statement to law enforcement authorities. (3) Petitioner was denied effective assistance of counsel when his lawyer failed to utilize favorable evidence; specifically that he failed to call a witness, Michael Cook, and failed to

---

[18]St. Rec. Vol. 3 of 7, Trial Court Order, 11/13/02.

[19]This is the date on which the pleading was deemed filed under the federal "mailbox rule" in addressing the prior case.   Washington v. Cain, Civ. Action 03-0694"T"(2), Report and Recommendation, Rec. Doc. No. 9.

[20]Civ. Action 03-0694"T"(2), Rec. Doc. Nos. 1, 5.

7

introduce the police report to refute other identification testimony. (4) The State knowingly used the perjured identification testimony of the victim/witness Sumlin to obtain the conviction.

Upon the recommendation of the undersigned magistrate judge, to which Washington did not file an objection, the district judge dismissed the petition without prejudice on October 1, 2003,[21] based on Washington's failure to exhaust state court remedies on the issue of ineffective assistance of counsel.[22]

Thereafter, on October 14, 2003, Washington returned to the state trial court[23] with an application for post-conviction relief in which he asserted the following grounds for relief:[24] (1) Petitioner was denied effective assistance of counsel when his lawyer failed to utilize favorable evidence by failing to call a witness, Michael Cook, and failed to introduce the police report to refute the identification testimony of Sumlin and the

---

[21]Civ. Action 03-0694"T"(2), Rec. Doc. Nos. 10, 11.

[22]Civ. Action 03-0694"T"(2), Rec. Doc. Nos. 9, Report and Recommendation as adopted by the district court as its opinion per Rec. Doc. No. 10.

[23]On June 13, 2003, while the federal petition was pending, Washington filed a motion in the state trial court, which is not in the record, apparently seeking copies of documents to pursue post-conviction relief. The trial court denied the motion on April 22, 2004, finding that Washington was not entitled to free copies of transcripts because the period for filing for post-conviction relief under La. Code Crim. P. art. 930.8 had expired. Washington sought review of this order in the Louisiana Fifth Circuit. St. Rec. Vol. 3 of 7, Copy of 5th Cir. Writ Application filed 5/24/04. In that application, Washington conceded that he was not seeking post-conviction relief in the motion, but instead strictly sought copies of public documents. On June 1, 2004, the court denied the application, finding no error in the trial court's ruling. St. Rec. Vol. 3 of 7, 5th Cir. Order, 04-KH-597, 6/1/04.

[24]St. Rec. Vol. 3 of 7, Uniform Application for Post-Conviction Relief, 10/14/03.

detectives. (2) The State knowingly used the perjured identification testimony of the victim/witness Sumlin to obtain the conviction.

On October 17, 2003, the trial court denied relief on the first claim of ineffective assistance of counsel, finding it to be repetitive of the claim previously addressed and denied on November 13, 2002.[25]  As to the second claim, the trial court determined that it was barred from review under La. Code Crim. P. art. 930.4(E)[26] and allowed Washington 30 days to show cause concerning his failure to raise the claim in his prior application for post-conviction relief.

Washington responded to the show cause order on November 18, 2003, by notifying the trial court that the claim had been raised in the prior application but had been ignored by the court when it denied the application by order dated November 13, 2002.[27]  Thereafter, on November 19, 2003, the trial court denied Washington's claim concerning perjured testimony as meritless and possibly defaulted because he had failed to urge a contemporaneous objection at trial.[28]

---

[25]St. Rec. Vol. 3 of 7, Trial Court Order, 10/17/03.  Pursuant to La. Crim. Code P. art. 930.4(D), a post conviction claim may be dismissed if it raises a claim which is not new or different from that raised in a previously filed post conviction application.

[26]La. Crim. Code P. art. 930.4(E)  provides for dismissal of a post-conviction claim if it raises a new or different claim which should have been raised in a previous application.

[27]St. Rec. Vol. 3 of 7, Memorandum in Compliance with Court's Order, 11/18/03.

[28]St. Rec. Vol. 3 of 7, Trial Court Order, 11/19/03.

On December 16, 2003, Washington filed a writ application with the Louisiana Fifth Circuit seeking review of the trial court's November 19, 2003 denial of relief on the perjured testimony claim.[29] The court denied the application on December 23, 2003 finding no error in the trial court's ruling on that issue.[30]

Washington filed another writ application in the Louisiana Supreme Court on January 22, 2004 in which he asserted three grounds for relief:[31] (1) Admission of the waiver of rights form into evidence amounted to the admission of statements from petitioner during arrest and interrogation without full warning of his constitutional rights that violated his Fifth Amendment privilege against self incrimination and his Sixth Amendment right to counsel. (2) He was denied effective assistance of counsel when his lawyer failed to disclose and introduce favorable evidence, that is, he failed to call a witness, Michael Cook, and failed to introduce the police report to refute identification testimony of Sumlin and the detectives. (3) The State knowingly used the perjured identification testimony of the victim/witness Sumlin to obtain the conviction.

---

[29]The record does not contain a copy of this writ application. The filing date appears on the face of the appellate court's order and has been confirmed by my staff via telephone with the clerk of that court. St. Rec. Vol. 3 of 7, 5th Cir. Order, 03-KH-1450, 12/23/03.

[30]St. Rec. Vol. 3 of 7, 5th Cir. Order, 03-KH-1450, 12/23/03.

[31]St. Rec. Vol. 7 of 7, La. S. Ct. Writ Application, 04-KH-224, 1/22/04; St. Rec. Vol. 3 of 7, La. S. Ct. Letter, 2004-KH-224, 1/22/04.

The Louisiana Supreme Court denied the application without reasons on February

18, 2005.[32]

II.    <u>CURRENT FEDERAL HABEAS PETITION</u>

On May 19, 2005, Washington filed a second[33] petition for federal habeas corpus

relief seeking relief on the following grounds:[34] (1) The evidence was insufficient to

support his conviction because there was no proof of a dangerous weapon. (2) The trial

court erred by allowing the State to introduce testimony and evidence that the defendant

refused to make a statement to law enforcement authorities. (3) The trial court failed to

observe the mandatory 24-hour delay between denial of his motion for a new trial and

sentencing.    (4) His sentence was excessive.    (5) Petitioner was denied effective

assistance of counsel when his lawyer failed to: (a) object to evidence and testimony

concerning the waiver of rights form signed by defendant in which he refused to give a

statement; (b) object to improper and suggestive identification evidence; (c) subpoena

Michael Cook as a defense witness; and (d) object to improper jury instructions.

---

[32]<u>State ex rel. Washington v. State</u>, 896 So.2d 18 (La. 2005); St. Rec. Vol. 7 of 7, La. S. Ct. Order, 2004-KH-0224, 2/18/05.

[33]Washington's first petition was dismissed <u>without</u> prejudice for failure to exhaust state court remedies <u>without</u> an adjudication on the merits of the claims. Therefore, the instant petition is not a prohibited second or successive one. <u>See Barrientes v. Johnson</u>, 221 F.3d 741 (5th Cir. 2000) (when prior petition is dismissed without prejudice, subsequent filing is not successive) (citing <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000)); <u>see also</u>, <u>Graham v. Johnson</u>, 168 F.3d 762 (5th Cir. 1999). Under the AEDPA, "a prisoner's application is not second or successive simply because it follows an earlier federal petition." <u>In re Cain</u>, 137 F.3d 234, 235 (5th Cir. 1998).

[34]Rec. Doc. No. 1, Petition and Memorandum in Support.

(6) Admission of the waiver of rights form amounted to the admission of statements from petitioner during arrest and interrogation without full warning of his constitutional rights that violated his Fifth Amendment privilege against self incrimination and the Sixth Amendment right to counsel. (7) He was denied effective assistance of counsel when his lawyer failed to utilize and disclose favorable evidence, the police report, to refute the identification testimony of Sumlin and the detectives. (8) The State knowingly used perjured identification testimony of Ms. Sumlin to obtain the conviction.

The State responded to Washington's federal petition alleging that the petition is timely but that Washington failed properly to exhaust state court remedies as to some of his claims.[35] Washington filed a response in which he argues that the State's opposition is legally insufficient for failure to address the merits of his claims.[36] Washington did not address the merits of the exhaustion defense raised by the State.

III.    STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[37] and

---

[35]Rec. Doc. No. 9.

[36]Rec. Doc. No. 10.

[37]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become

12

applies to habeas petitions filed after that date. <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198

(5th Cir. 1998) (citing <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997)). The AEDPA therefore

applies to Washington's petition, which, for reasons discussed below, is deemed filed in

this court on April 27, 2005.[38]

The threshold questions in habeas review under the amended statute are whether

the petition is timely and whether the claims raised by the petitioner were adjudicated on

the merits in state court; <u>i.e.</u>, the petitioner must have exhausted state court remedies and

must not be in "procedural default" on a claim. <u>Nobles v. Johnson</u>, 127 F.3d 409, 419-20

(5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

For the following reasons, I find that Washington has <u>not</u> exhausted his state court

remedies with respect to several of his claims. I also find, however, that his petition is

<u>not</u> timely filed under the AEDPA and must be dismissed with prejudice for that reason.

---

effective at the moment they are signed into law. <u>United States v. Sherrod</u>, 964 F.2d 1501, 1505 (5th Cir. 1992).

[38]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. <u>Coleman v. Johnson</u>, 184 F.3d 398, 401 (5th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1057 (2000); <u>Spotville v. Cain</u>, 149 F.3d 374, 378 (5th Cir. 1998); <u>Cooper v. Brookshire</u>, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Washington's petition on May 19, 2005. Washington did not date his signatures on the petition or the memorandum in support. He did, however, date his signature on the pauper application submitted therewith on April 27, 2005. I will consider this to be the earliest date he could have submitted it to prison officials for mailing. The record does not demonstrate any other appropriate date and Washington has not suggested any.

IV.   EXHAUSTION OF STATE COURT REMEDIES

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419.  "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20) (emphasis added).

For reasons that are unnecessary to detail in this report, Washington has failed to present several of his claims to the Louisiana Supreme Court in a procedurally proper manner and therefore has not exhausted state court remedies as to all of his claims.  His petition could be dismissed without prejudice to allow him to complete exhaustion of this mixed petition. Pliler v. Ford, 124 S. Ct. 2441, 2447 (2004) (quoting Rose v. Lundy, 455 U.S. 509, 510 (1982)); Whitehead, 157 F.3d at 387.  However, because Washington's federal petition is time-barred under the AEDPA and must be dismissed with prejudice for that reason, it is unnecessary once again to require state court exhaustion.

14

## V.   STATUTE OF LIMITATIONS

## A.   NO WAIVER OF THE LIMITATIONS DEFENSE

The AEDPA's one-year statute of limitations is an affirmative defense, rather than a jurisdictional mandate.  Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999).  Consequently, the limitations defense may be waived, but the waiver must be express and intentional.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (citing Smith v. Johnson, 216 F.3d 521 (5th Cir. 2000)), cert. denied, 2001 WL 167908 (Feb. 12, 2001); Magouirk v. Phillips, 144 F.3d 348 (5th Cir. 1998).

In the instant case, the State erroneously concluded in its response, without discussion or analysis, that Washington's petition was timely filed.  However, the State's conclusion appears based on an erroneous application of the law on limitations, a miscalculation of the filing period under Section 2244 and a misapplication of the tolling doctrine itself.  Therefore, the State could not have intended expressly to waive the limitations defense through its erroneous calculation.  See Simpkins v. Washington Metropolitan Area Transit Authority, 2 F. Supp.2d 52 (D.D.C. 1998) (calculation error based on mistake did not constitute waiver of limitations defense).  **Therefore, Washington is hereby placed on notice that the limitations issue is being considered by this court, Fisher v. State, 169 F.3d 295, 301 (5th Cir. 1999); Magouirk, 144 F.3d at 358, and any objection by petitioner to the court's assessment of this issue must be timely filed as required at the conclusion of this report.**

B.      THE PETITION IS NOT TIMELY FILED

Section 2244(d)(1) of the federal habeas statute requires that a petitioner bring his

Section 2254 claims, among other things not relevant here, within one year from the date

of finality of the judgment of conviction.[39]  Washington's conviction became final on

August 1, 2002, which was 90 days after the Louisiana Supreme Court denied the writ

application after his direct appeal.  Ott, 192 F.3d at 513.

Thus, literal application of the statute would bar Washington's Section 2254

petition as of August 1, 2003.  As discussed at footnote 38 above, under the federal

mailbox rule, his federal petition is deemed filed on April 27, 2005, more than 20 months

after the deadline imposed by the AEDPA, and it must be dismissed as untimely, unless

---

[39]Specifically, Section 2244(d) provides:
(1)  A 1-year period of limitation shall apply to an application for a writ of habeas
corpus by a person in custody pursuant to the judgment of a State court.  The limitation
period shall run from the latest of--
>           (A) the date on which the judgment became final by the conclusion of
>           direct review or the expiration of the time for seeking such review;
>           (B) the date on which the impediment to filing an application created by
>           State action in violation of the Constitution or laws of the United States
>           is removed, if the movant was prevented from filing by such State
>           action;
>           (C) the date on which the constitutional right asserted was initially
>           recognized by the Supreme Court, if the right has been newly recognized
>           by the Supreme Court and made retroactively applicable to cases on
>           collateral review; or
>           (D) the date on which the factual predicate of the claim or claims
>           presented could have been discovered through the exercise of due
>           diligence.
(2)  The time during which a properly filed application for State post-conviction or other
collateral review with respect to the pertinent judgment or claim is pending shall not be
counted toward any period of limitation under this section.

the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year period of limitations in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing.  Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis, 158 F.3d at 810.  Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  Pace, 125 S. Ct. at 1814-15; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Washington has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions.  See United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling

not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).[40]

In addition to equitable tolling, however, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

---

[40]Both Washington's petition and the State's response were filed in this court, and this matter was under advisement, before the suspension of deadlines and time periods instituted by the court in the aftermath of Hurricane Katrina. Therefore, the disruptions caused by the hurricane are irrelevant to the AEDPA timeliness calculation in this case.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period.  Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 125 S. Ct. at 1812 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-

20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, 2001 WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

Thus, as outlined above, the one-year AEDPA limitations period began to run in Washington's case on August 2, 2002, the day after his conviction became final. The federal limitations period ran for 80 days until Washington filed his application for post-conviction relief in the state trial court on October 21, 2002. The application remained

pending until December 13, 2002, which was 30 days after it was denied by the trial court and he did not file for review in the appellate court.

The federal filing period began to run again on December 14, 2002 and ran uninterrupted until September 24, 2003, when it expired. Washington had <u>no</u> properly filed <u>state</u> post-conviction or other collateral review proceedings pending during that period.

I realize that Washington filed his first federal petition for habeas corpus relief during this time period. However, the law is well-settled that a federal petition is not a state post-conviction application or other collateral review for purposes of tolling under Section 2244. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-182 (2001); <u>Grooms v. Johnson</u>, 208 F.3d 488, 489 (5th Cir. 1999). Washington is not entitled to statutory tolling for the time his first unexhausted federal petition was pending. <u>Duncan</u>, 533 U.S. at 182; <u>Grooms</u>, 208 F.3d at 489.

For similar reasons, I also find that Washington is not entitled to <u>equitable</u> tolling for his prior federal petition. Washington filed his first federal petition without making any effort to complete the state post-conviction process to exhaust his claims. After being dismissed from this court for failure to exhaust his state court remedies, he returned to the state court, but again failed to complete exhaustion of his state court remedies before returning to this federal court. This does not demonstrate diligence on

his part.  For these reasons, Washington is not entitled to the rare and extraordinary remedy of equitable tolling for the pendency of his prior federal filing.

Washington's federal habeas corpus petition is deemed filed on April 27, 2005, which was 19 months after the expiration of the one-year limitations period allowed under the AEDPA.  Thus, Washington's petition must be dismissed as untimely under 28 U.S.C. § 2244(d)(1)(A).

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the petition of Cedrick Washington for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred under the AEDPA.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___18th___ day of November, 2005.


                              JOSEPH C. WILKINSON, JR.
                              UNITED STATES MAGISTRATE JUDGE